UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RICHARD TWIGGS                                          CIVIL ACTION

v.                                                      NO. 20-2879

UNIVERSITY OF HOLY CROSS, ET AL.                        SECTION "F"

<u>ORDER AND REASONS</u>

Before the Court is the individual defendants'[1] Rule 12(b)(6) motion to dismiss.  For the reasons that follow, the motion is GRANTED.

**Background**

The plaintiff Richard Twiggs was employed as a counselor by the University of Holy Cross from the summer of 2017 to the spring of 2018.  His lawsuit here addresses what he takes to be the reason for his short stay at the University: "aggressive[]" sexual harassment which led to a hostile work environment and retaliatory constructive discharge.  But while his complaint makes shocking

---

[1]    The plaintiff names five defendants in his complaint: four individuals affiliated with the University of Holy Cross, and the University itself.  The present motion to dismiss was brought by the four individual defendants: Michaela Hartline, Carolyn White, Talmadge White, and Christine Watts.

allegations[2] against the individual defendants, it fails to make a cognizable *claim* against such defendants, who accordingly move to dismiss.

I.

Rule 12(b)(6) allows a party to move for dismissal of a complaint that fails to state a claim upon which relief can be granted.  "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To demonstrate a facially plausible basis for relief, a plaintiff must plead facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  In determining whether a plaintiff has met this burden, a court must "accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff," but must not accord an assumption of truth to conclusory allegations and threadbare assertions.  Thompson v. City of Waco, 764 F.3d 500, 502 (5th Cir. 2014).

---

[2]    By far most jarring is the plaintiff's allegation of digital anal rape by one of the individual defendants.

2

The foregoing presumptions are not to be applied mindlessly, however.  Thus, in considering a motion to dismiss, the Court may review any documents attached to or incorporated into the plaintiff's complaint by reference.  <u>Causey v. Sewell Cadillac-Chevrolet, Inc.</u>, 394 F.3d 285, 288 (5th Cir. 2004).  In addition, the Court may judicially notice matters of public record and other facts not subject to reasonable dispute.  <u>See</u> <u>United States</u> <u>ex</u> <u>rel.</u> <u>Willard v. Humana Health Plan of Tex. Inc.</u>, 336 F.3d 375, 379 (5th Cir. 2003).

II.

The plaintiff's complaint in this case sets forth four causes of action.  A first count alleges violations of Title VII of the Civil Rights Act of 1964, second and third counts assert violations of the Americans with Disabilities Act (ADA), and a final count alleges violations of 42 U.S.C. § 1981.  As the following analysis makes clear, however, neither cause of action supplies the plaintiff a *possible* – much less a plausible – claim for relief against the individual defendants; as explained below, the causes of action the plaintiff has elected are simply inapposite with regard to the individual defendants immediately at issue on the present motion to dismiss.

### A.   Count One: Title VII Claim

"Individuals are not liable under Title VII in either their individual or official capacities."  <u>Ackel v. Nat'l Commc'ns, Inc.</u>,

3

339 F.3d 376, 381 n.1 (5th Cir. 2003).  Thus, this Court has repeatedly recognized that Title VII claims against individuals are not legally cognizable.  See, e.g., Franklin v. City of Slidell, 936 F. Supp. 2d 691, 703 (E.D. La. 2013).

The plaintiff's Title VII claims against the individual defendants must be dismissed accordingly.

### B.    Counts Two and Three: ADA Claims

The same goes for the plaintiff's ADA claims.  Because "the ADA definition of 'employer' mirrors the Title VII definition," ADA claims against individual defendants are not legally cognizable.  Id. at 703-04.

### C.    Count Four: § 1981 Claim

Finally, the plaintiff's § 1981 claim is equally ill-suited to the circumstances he alleges.  Section 1981 guarantees nonwhite citizens "the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."  See 42 U.S.C. § 1981.  The plaintiff's complaint here, however, makes no mention of race whatsoever.

*     *     *

At least as it pertains to the individual defendants he names, the four causes of action the plaintiff specifically denotes in his complaint are legal nonstarters.  Title VII and ADA claims are not cognizable against individual defendants, and a complaint making zero reference to race cannot possibly state a claim under

4

§ 1981, a statute that deals specifically – and exclusively – with racial disparities.

Accordingly, IT IS ORDERED: that the individual defendants' motion to dismiss is GRANTED.  The plaintiff's claims against the individual defendants are DISMISSED WITHOUT PREJUDICE.[3]

New Orleans, Louisiana, July 21, 2021

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3]     Because it is not clear that the defects in the plaintiff's complaint are incurable, a second shot at the drafting table is warranted.  See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002) ("In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of the pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").